IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Henry Backus, #3357, ) | C/A No. 4:16-980-JMC-JDA |
| Plaintiff, ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| Rick Hoefor, ) | |
| Ed Clemens, ) | |
| Defendants. ) | |

John Henry Backus ("Plaintiff"), proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983. Plaintiff is currently detained in the Florence County Detention Center ("FCDC"), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

## BACKGROUND

Plaintiff contends that his case concerns "conspiracy to violate civil rights, double jeopardy, malicious/vindictive prosecution, and unlawful imprisonment." [Doc. 1.] He alleges that he sues the Twelfth Circuit Solicitor Ed Clemens and Assistant Solicitor Rick Hoefor. [*Id.*]

Plaintiff alleges the following facts. On September 29, 2015, the Florence police arrested him on a misdemeanor charge of petit larceny, $2000 or less, and a felony charge of shoplifting more than 3rd. [*Id.*] Both arrest warrants were based on the same facts and contained the same case number although the two charges were bound for two different courts. [*Id.*] Plaintiff "was informed that because both warrants were actually for the same crime, the usual remedy would be to prosecute one and dismiss the other. . . ." [*Id.*] Plaintiff believed that he could be prosecuted on one but not both charges. [*Id.*]

On October 21, 2015, Plaintiff was taken to Florence Municipal Court where he pled guilty to the misdemeanor charge, and he received a sentence of 30-days time served. [*Id.*] Plaintiff is still being detained on the felony charge of shoplifting and is unable to post bond. [*Id.*] Assistant Solicitor Rick Hoefor has decided to prosecute the "defunct felony warrant," despite his knowledge that Plaintiff pled guilty to the misdemeanor charge. [*Id.*] Solicitor Ed Clemens conspired with Hoefor by agreeing to permit the unlawful prosecution of the felony charge. [*Id.*]

Based on these facts, Plaintiff alleges Defendants have gone beyond the scope of their official duties. [*Id.*] He seeks damages, injunctive, and declaratory relief. [*Id.*] Plaintiff attached to the Complaint copies of the two arrest warrants and the disposition sheet indicating his guilty plea to petit larceny, $2,000 or less. [Doc. 1-1.]

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1)

it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## **DISCUSSION**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a

claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff may also be alleging a claim for violation of 42 U.S.C. § 1985(3) based on a conspiracy to violate civil rights. To state a claim pursuant to 42 U.S.C. § 1985(3), a plaintiff must allege:

> (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

*A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011) (quoting *Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir.1995)).

This action is subject to dismissal because it seeks monetary relief from Defendants who are immune from such relief. *See* Title 28 U.S.C. § 1915(e)(2). In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. Solicitors are elected by voters of a judicial circuit. *See* S.C. Const. art. V, § 24; and S.C. Code Ann. § 1-7-310. Prosecutors have absolute immunity for activities performed as "an officer of the court" where the conduct at issue was closely associated with the judicial phase of the criminal process. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 341–45 (2009). For example, when a prosecutor "prepares to initiate a judicial proceeding", "appears in court to present evidence in support of a search warrant application," or conducts a criminal trial, bond

hearings, grand jury proceedings, and pre-trial "motions" hearings, absolute immunity applies. *Id.*; *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993).

In the instant case, the alleged wrongful conduct relates to Hoefor's decision to prosecute the "defunct felony warrant" of shoplifting, despite his knowledge that Plaintiff previously pled guilty to the misdemeanor charge of petit larceny. And, Plaintiff alleges that Clemens's agreement to permit Hoefor to do so is wrongful conduct. This alleged conduct is intricately related to the judicial phase of the criminal process. Therefore, Defendants should have absolute immunity from this suit. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability").

Plaintiff's allegation that Defendants have gone beyond the scope of their official duties is conclusory and does not take this case outside the protection of prosecutorial immunity. Plaintiff's alleged facts demonstrate that he is complaining about the prosecutors' decision to pursue a felony charge supposedly in violation of the double jeopardy clause of the Constitution. Such a decision, even if wrongful, is intricately related to the judicial phase of the criminal process; it is not an administrative or investigative task. Accordingly, Defendants should have absolute immunity from this suit.[1]

---

[1] Further, Plaintiff's contention of double jeopardy should first be raised in state court proceedings by seeking a dismissal of the felony charge and to appeal through the state courts. *See, e.g., Abney v. United States*, 431 U.S. 651, 659–62 (1977). And, if this federal court should review the matter, the appropriate vehicle where Plaintiff is in custody is through a habeas corpus action after completing exhaustion in the state courts. *See Gilliam v. Foster*, 75 F.3d 881 (4th Cir. 1996) (petitioner brought a habeas action pursuant to 28 U.S.C. § 2254 to request an order to halt a second criminal prosecution by a state); *cf. Bishop v. Cnty. of Macon,* 484 F. App'x 753 (4th Cir. 2012) (noting that where habeas relief is no longer available in certain circumstances a plaintiff may bring a § 1983 action).

Additionally, Plaintiff fails to allege a plausible claim for violation of 42 U.S.C. § 1985(3). As noted above, one of the elements of a § 1985 claim is that the conspirators "are motivated by a specific class-based, invidiously discriminatory animus." *Id.* at 346. "Historically, § 1985 was intended to encompass only those conspiracies motivated by animus against the kind of classes Congress was trying to protect when it enacted the Civil Rights Act." *Stanfield v. Wigger*, No. 2:14-cv-839-PMD, 2015 WL 58077, at *4 n.4 (D.S.C. Jan. 5, 2015) (finding plaintiff failed to allege defendants "were in any way motivated by discrimination against [him] based on his race, color, or national origin") (citation omitted). Here, the Complaint contains no allegation of class-based motivation. Therefore, it fails to state a claim for relief under § 1985.

## **RECOMMENDATION**

It is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **Plaintiff's attention is directed to the important notice on the next page.**

May 2, 2016  
Greenville, South Carolina

S/Jacquelyn D. Austin  
United States Magistrate Judge

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).